103 F.3d 122
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest WILLIAMS, Petitioner--Appellant,
v.
Laurie BESSINGER, Warden; Charles M. Condon, Respondents--Appellees.
 No. 96-6746.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1996.
Decided Dec. 3, 1996.
 
 Ernest Williams, Appellant Pro Se. Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R.App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R.App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6).
 
 
 2
 The district court entered its order on April 2, 1996; Appellant's notice of appeal was filed on May 3, 1996. Appellant's failure to file a timely notice of appeal* or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988)